IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX STROSS, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:19-CV-8-RP |
| ACTIVE NETWORK, LLC, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are several motions. The first is Defendant Active Network, LLC's ("Active") Motion to Transfer Venue. (Dkt. 24). The next two are motions to strike filed by Plaintiff Alexander Stross ("Stross"): one to strike Active's third-party claim for contribution, (Dkt. 14), and the other to strike Active's affirmative defenses, (Dkt. 15). Each of the motions has become ripe, and the Court will resolve each of them in this order. Having considered the parties' briefs, the record, and the relevant law, the Court finds that all three motions should be denied.

**I. BACKGROUND**

Stross is a photographer who lives in Austin. (Compl., Dkt. 1, at 1–2). He took a photo of Monument Valley (the "Photo") that he allegedly registered with the United States Copyright Office. (*Id.* at 2). He alleges that Active used the Photo on its website without permission. (*Id.* at 3). He is suing Active for copyright infringement for violation of his rights under 17 U.S.C. § 106. (*Id.* at 5–6).

Active, meanwhile, alleges that it merely provides space on its website for customers to post their own content, and that Third-Party Defendant EPIC Adventures ("Epic"), one of its customers, is solely responsible for publishing the Photo. (3d Party Compl., Dkt. 7, at 2). Active has filed crossclaims against Epic for indemnity and contribution. (*Id.* at 3–4).

1

Active, which is based in Dallas, now asks the Court to transfer this action to the Northern District of Texas pursuant to its discretionary authority under 28 U.S.C. § 1404. (Mot. Transfer, Dkt. 24, at 3). Stross opposes the motion, (Dkt. 26), and has separately moved to strike both (a) all of Active's affirmative defenses and (b) its crossclaim for contribution. (Dkts. 14, 15).

## II. MOTION TO TRANSFER VENUE

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As such, "[t]he threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).[1] If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *Volkswagen AG,* 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the

---

[1] The parties agree that Stross could have brought this action in the Northern District of Texas. (Mot. Transfer, Dkt. 24, at 3–4; Resp. Mot. Transfer, Dkt. 26, at 3).

governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

The Court must also "give some weight to the plaintiffs' choice of forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013). However, the plaintiff's venue choice "is neither conclusive nor determinative. *In Re: Horseshoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Rather, the party seeking transfer must show "good cause": a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Thus, when the transferee venue is "not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). But when the movant demonstrates that the transferee venue is clearly more convenient, "it has shown good cause and the district court should therefore grant the transfer." *Id.*

The public-interest factors are not seriously contested, nor are they of significant weight. Active admits, and Stross does not dispute, that the final two public-interest factors are neutral. (Mot. Transfer, Dkt. 24, at 12; Resp. Mot. Transfer, Dkt. 26, at 9–10). The time from filing to trial is six months shorter in this district, but the time from filing to disposition is one month shorter in the Northern District of Texas. (*See* Mot. Transfer, Dkt. 24, at 11). Although this factor "favors a district that can bring a case to trial faster," *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 871 (E.D. Tex. 2012), the difference is slight and speculative; its weight is therefore marginal. Finally, both districts have an arguable interest in deciding this litigation, as the injury occurred in this district and Active's principal place of business is in the Northern District. *See id.* ("[T]he location of the alleged injury is an important consideration in determining how to weigh [the local-interest] factor."); *All Voice Developments US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11468302, at

\*4 (E.D. Tex. Apr. 8, 2010) (finding that the party's "principal place of business is relevant when considering [the local-interest] factor").

As for the private interest factors, the first factor—access to evidence—weighs only barely in Active's favor, if at all. Active argues that this factor tilts in its favor because the server that hosted the webpage on which the Photo was displayed is in Dallas and "the relevant documents and records" are in Dallas. (Mot. Transfer, Dkt. 24, at 7). Missing is any explanation why it would be any more difficult to access evidence of online conduct—presumably, digitally stored evidence—in Austin than in Dallas. Meanwhile, Epic principal John Hardy ("Hardy"), whom Active says is responsible for posting the photo, lives and works in this district. (*Id.* at 8). Even if Hardy has *no* evidence, this factor would weigh only negligibly in Active's favor, given the ease of accessing and transmitting digitally stored evidence. *See Mateos v. Select Energy Services, L.L.C.*, 919 F. Supp. 2d 817, 822 (W.D. Tex. 2013) ("Typically, the accessibility and location of sources of proof should weigh only slightly in this Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage.").

The second and third factors are neutral. Active identifies as witnesses two of its employees who live in Dallas, over 200 miles from Austin, and Hardy, who lives less than 100 miles from Austin. (Mot. Transfer, Dkt. 24, at 9–10). But Active identifies no nonparty witnesses that live outside this district or more than 100 miles from Austin. (*See id.*). The Court's subpoena power "is not an important consideration when the only witnesses are party witnesses." *Broussard v. First Tower Loan, LLC*, 135 F. Supp. 3d 540, 546 (E.D. La. 2015). Similarly, "while the cost of attendance for party witnesses can be considered, the cost of attendance for nonparty witnesses is entitled to greater weight." *Id.*; *see also Mateos*, 919 F. Supp. 2d at 822 (quoting *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993)) ("[W]hen 'key witnesses are employees of the moving party,' courts are less likely to transfer venue for the convenience of those witnesses because '[i]n such

4

cases, the moving party can compel those witnesses to attend the trial.'"). Moreover, two key witnesses—Stross and Hardy—live in this district. (Resp. Mot. Transfer, Dkt. 26, at 6–8). Transferring this action to the Northern District would simply shift the inconvenience for Active's two key witnesses to two others. In such circumstances, the cost of attendance for the movant's witnesses is of neutral value to a court's transfer analysis. *See Affinity Labs of Texas v. Samsung Elecs. Co., Ltd.*, 968 F. Supp. 2d 852, 858 (E.D. Tex. 2013) ("When inconvenience would exist in either potential venue, merely shifting inconvenience from one party's witnesses to the other's is insufficient to affect a transfer of venue analysis.").

As for the final factor, Active offers no practical problems with trying this action in this district; it only argues that it would not be impractical to transfer this action to the Northern District. (Mot. Transfer, Dkt. 24, at 10). This factor is therefore neutral at best. Considering all of the public and private factors together, and giving some weight to Stross's choice of forum, the Court finds that Active has not met its burden to establish that the Northern District of Texas is "clearly more convenient" than the venue chosen by Stross, which must therefore be respected. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Active's motion to transfer is denied.

### III. MOTION TO STRIKE THIRD-PARTY CONTRIBUTION CLAIM

Stross asks the Court to strike Active's crossclaim against Epic for contribution from its third-party complaint because there is no right to contribution in federal copyright infringement actions. (Mot. Strike Compl., Dkt. 14, at 5). Active responds in two ways. First, it argues that its contribution claim is valid under state law. (Resp. Mot. Strike Compl. Dkt. 20, at 5). Second, it argues that the Court should not even reach the parties' legal dispute because it should not decide "substantial questions of law" raised in a motion to strike. (*Id.* at 4 (citing *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) ("A disputed question of fact cannot be decided on motion to strike."))).

5

Active is wrong on the latter point, as the parties' legal dispute is properly presented in a motion to strike. Its reliance on *Augustus* is misplaced; that decision concerned a motion to strike a pleading under Federal Rule of Civil Procedure 12. *See, e.g.*, *DynaStudy, Inc. v. Hous. Indep. Sch. Dist.*, 325 F. Supp. 3d 767, 772 (S.D. Tex. 2017) (citing *Augustus* in describing the rules for striking a pleading under Rule 12(f)). Different rules apply to motions to strike that, like the instant motion, are brought under Federal Rule of Civil Procedure 14, which concerns third-party complaints. District courts are "accorded wide discretion" in determining whether to strike a third-party complaint or any claims in such a complaint. *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir.1984) (citation and internal quotation marks omitted). In exercising that discretion, courts look to "(1) the prejudice placed on the other parties; (2) undue delay caused by adding the third-party plaintiff; (3) lack of substance to the third-party claim; and (4) whether the third-party claim advances the purposes of Rule 14, such as avoiding duplicative suits on closely related issues." *Hanover Ins. Co. v. Superior Labor Services, Inc.*, 316 F.R.D. 179, 185 (E.D. La. 2016) (citing cases). Stross says that Active's crossclaim for contribution lacks substance because there is no right to contribution in this action but admits that there is no binding authority to support his position. (Mot. Strike Compl., Dkt. 14, at 2–3). Meanwhile, Stross does not even point to potential prejudice if the contribution crossclaim is not stricken at this juncture, nor any potential delay if Epic is added as a third-party defendant. Indeed, he does not seek to strike Active's other crossclaim against Epic, so any expense or delay attendant to adding Epic to the litigation would remain.

Epic has waived service, and its answer is due on June 3, 2019. (*See* Dkt. 25). Given Epic's direct adverse interest in the crossclaims asserted against it, its presence in the litigation will promote sharper presentation of the issues presented by Active's crossclaims. Moreover, Stross has not established a specific reason that he will be prejudiced be delaying resolution of these issue until a

6

later stage in the litigation. The Court will therefore exercise its wide discretion to permit or strike a third-party claim by denying Stross' motion to strike without prejudice.

## IV. MOTION TO STRIKE AFFIRMATIVE DEFENSES

In its answer to Stross's complaint, Active asserts 24 affirmative defenses. (Answer, Dkt. 6, at 4–8). It does so in typically perfunctory fashion, listing the defenses without supporting facts. (*See, e.g.*, *id.* at 5 ("Plaintiff's claims are barred by the doctrine of unclean hands.")). Stross asks the Court to strike all 24 of these "boilerplate" and "barebones" affirmative defenses, either because they are "insufficiently pled" or otherwise "improper." (Mot. Strike Answer, Dkt. 15, at 2).

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). But striking a pleading is disfavored and should be done sparingly, *Augustus*, 306 F.2d at 868, as it is a drastic remedy "and because it is often sought by a movant simply as a dilatory tactic." *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010). Moreover, striking portions of a pleading under Rule 12(f) is appropriate only upon a showing of prejudice to the moving party. *Id.*; *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 149 (S.D. Miss. 2018); *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011).

A defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). This "fair notice" requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362 (citation and internal quotation marks omitted). In some cases, "merely pleading the name of the affirmative defense" is enough. *Id.*

Stross points out that some of Active's affirmative defenses, such as failure to state a claim upon which relief can be granted, are not actually affirmative defenses. (Mot. Strike Answer, Dkt. 15,

at 3). While that may be true in several cases that Active may have misdesignated a defense as affirmative, Stross points to no prejudice from this error. *See Blount*, 328 F.R.D. at 149 (refusing to strike such misdesignated defenses absent a showing of prejudice); *see also* 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.) ("Rule 12(f) is not to be used to police the form of a pleading or to correct any misdesignations it might contain.").

Stross also argues that Active's actual affirmative defenses fail to provide him with fair notice because they are not supported by factual allegations. (*See, e.g.*, Mot. Strike Answer, Dkt. 15, at 4 (referring to Active's fair-use defense)). Here, too, Stross identifies no prejudice—and no unfair surprise—resulting from the way Active has asserted these defenses. Given the nascent stage of the litigation, before even the entry of a scheduling order, it is unclear how Stross might be unfairly surprised. If the failure to sufficiently articulate a particular defense later results in unfair surprise, Stross may then argue that Active has waived that defense. *See Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986). If the failure to sufficiently articulate a particular defense later results in prejudice, Stross may resubmit his motion to strike that defense. For now, the Court will deny his motion without prejudice.

## V. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Active's Motion to Transfer Venue, (Dkt. 24), is **DENIED**.

**IT IS FURTHER ORDERED** that Stross's motion to strike Active's third-party claim for contribution, (Dkt. 14), is **DENIED WITHOUT PREJUDICE.**

**IT IS FINALLY ORDERED** that Stross's motion to strike Active's affirmative defenses, (Dkt. 15), is **DENIED WITHOUT PREJUDICE**.

8

**SIGNED** on May 22, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE